HALL, Judge.
Alvin Elder appeals his sentences for several counts of attempted robbery and accessory after the fact. We agree that his sentences on those counts exceed the statutory maximum and reverse.
In ease no. 91-1886, Elder pled guilty to count I, attempted murder in the first degree; counts II and III, attempted robbery; and count IV, accessory after the fact. He was sentenced to twenty-five years’ imprisonment on each count, the terms to run concurrently. Counts I through III carried three-year minimum mandatory terms for possession of a firearm.
In case no. 91-2846, Elder pled nolo con-tendere to counts I through III, robbery; count IV, attempted robbery; and count V, accessory after the fact. He was again sentenced to twenty-five years’ imprisonment on each count, the terms to run concurrently with each other and with the terms in case no. 91-1886. Counts I through IV carried three-year minimum mandatory terms for possession of a firearm, to run concurrently with the three-year minimum mandatory terms in case no. 91-1886. We note that count V carried a three-year minimum mandatory also, but the record does not support such a sanction under this count and it must be stricken upon remand.
Elder contends he was improperly sentenced on counts II through IV in case no. 91-1886 and on counts IV and V in case no. 91-2846 because the offenses of attempted robbery, sections 777.04(4)(b), 812.13(1), (2)(a), Fla.Stat. (1991), and accessory after the fact, section 777.03, are second and third degree felonies with maximum penalties of fifteen and five years, section 775.082(3)(e), (d), respectively. We agree.
Accordingly, although Elder’s total sentence of twenty-five years is within the permitted range of twelve to twenty-seven years called for by his scoresheet, we must remand for resentencing in case nos. 91-1886 and 91-2846 on the counts enumerated in accordance with this opinion.
THREADGILL and BLUE, JJ., concur.